IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JON A. MILLS, et al; <br><br> Plaintiff, <br><br> vs. <br><br> TREASURY RETAIL SECURITY SERVICES, and TREASURY DIRECT SERVICES, et al; <br><br> Defendants. | 8:22CV274 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Motion to Proceed in Forma Pauperis. Filing No. 2. Upon review of Plaintiff's Motion, the Court finds that Plaintiff, a non-prisoner, is financially eligible to proceed in forma pauperis. The Court also conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the Court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

**I. SUMMARY OF COMPLAINT**

Plaintiff filed what the Court has docketed as a Complaint brought pursuant to 42 U.S.C. § 1983 against Treasury Retail Security Services ("TRSS") and Treasury Direct Services ("Treasury Direct") (collectively "Defendants"). Filing No. 1. Plaintiff's Complaint consists of a typed five-page document with sixty-one pages of attached exhibits, which include emails, letters, legal treatises, and copies of selected text from the United States Constitution, legislative bills, and federal regulations. Since filing the

Complaint, Plaintiff has also filed various motions with the Court, some of which attach additional exhibits. Filing No. 6; Filing No. 7; Filing No. 8; Filing No. 9; Filing No. 10. To the extent they are relevant, the Court considers the motions and additional exhibits as supplements to the Complaint. *See* NECivR 15.1(b). Even liberally construed, Plaintiff's Complaint is difficult to understand and contains very limited factual allegations.

Plaintiff alleges in conclusory fashion that "[t]he Defendant has deliberately, and recklessly denied me entry, access, use, and control, of my own person, and property, I have no legal actions available, for me to perform, operate and conduct myself safely, soundly, privately, in the regular course my business, in commerce." Filing No. 1 at 4 (punctuation in original). As best the Court can tell from the exhibits attached to Plaintiff's Complaint, Plaintiff opened an account with Treasury Direct on or about March 12, 2020, and Treasury Direct has denied Plaintiff access to and the proceeds from his account since December 2021. Filing No. 1 at 4, 7, 11–15; Filing No. 1-1 at 1–2; Filing No. 1-4 at 3. In an email dated February 23, 2022, Treasury Direct informed Plaintiff that it had placed an administrative hold on Plaintiff's account after determining that Plaintiff "may be attempting to use the system for purposes other than those for which it is intended." Filing No. 9 at 3.

On the Complaint's first page, Plaintiff lists the following twelve claims:

CLAIM: Wotan breach of contractual agreement.

CLAIM: Conspiracy against Rights.

CLAIM: Fraud, market manipulation, Deliberate, and reckless refusal to follow safe, and sound banking practices.

> CLAIM: Deliberate interference with interstate commerce, and the free operations of.
>
> CLAIM: Wotan refusal to provide equal, and fair access to financial services, they offer and provide.
>
> CLAIM: Discrimination on a prohibited basis, refusing to provide clearing, and settlement services.
>
> CLAIM: Deliberate violations of anti-trust laws, international treaty, enacted under the Federal Constitution, and under the statutory laws of the United States.
>
> CLAIM: Deliberate, and reckless deprivation under the color of law. Withholding property
>
> CLAIM: Theft of personal property, purposely keeping my profits, and shares of stock for capital gain. For the companies own account. And refusing to process my transaction, (same day).
>
> CLAIM: Deliberate refusal to transfer my assets, and liabilities. De-link and terminate the conservationship, and turn back the clock, for the start of my new business. My investment control, of my property. "Involuntary servitude, slavery, and a Wotan return to peonage."
>
> CLAIM: Purposely denying me from the free exercise, and enjoyment of my privileges, freedoms rights, and all available remedies, powers, granting me the legal means to perform and operate my permissible activities as an authority, franchise, and organization of the United States government. Removal of my unlimited right to contract, and refusal to allow me to participate.
>
> CLAIM: Conspiracy to commit terrorism, financial crimes, and war against the Constitution, and The United States Of America.

Filing No. 1 at 1 (spelling and punctuation in original). Plaintiff alleges his claims are brought under the Supremacy Clause, U.S. Const. art. VI, cl. 2; the Federal Reserve Act of 1913; the Industrial Recovery Act of 1933; the Conservation Act of 1933; the Commodity Futures Modernization Act of 2000; the Fair Access to Banking Act of 2021-

3

2022; and several federal criminal statutes (18 USC §§ 241, 242, 249, 247, 1589, 1590, 1591, 1581, 1584, 1592, 1593A, 1594, and 1596). Filing No. 1 at 2.

Though unclear, it appears Plaintiff seeks injunctive relief requiring Defendants to provide him access to his Treasury Direct account and possession of the property within the account.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other

4

parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Jurisdiction**

While the Court docketed this action as one pursuant to 42 U.S.C. § 1983, closer review of the Complaint indicates that the Court's jurisdiction over Plaintiff's claims, if it exists at all, is grounded in 28 U.S.C. § 1346(a)(2), otherwise known as the Little Tucker Act.

> Under the Little Tucker Act and the Tucker Act, this court has jurisdiction over claims "against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(2). This court does not have jurisdiction over any such claim exceeding $10,000; rather, the Court of Federal Claims has exclusive jurisdiction over those claims. 28 U.S.C. § 1491(a)(1).

Renobato v. Bureau of the Fiscal Serv., No. CV H-17-3904, 2018 WL 4938701, at *2 (S.D. Tex. Sept. 19, 2018), *report and recommendation adopted*, No. CV H-17-3904, 2018 WL 4932886 (S.D. Tex. Oct. 10, 2018). See also Schneider v. United States, No. 4:99CV3056, 2008 WL 160921, at *3 (D. Neb. Jan. 15, 2008) ("'Claims for less than $10,000 (i.e., Little Tucker Act claims) may be brought either in a federal district court or in the United States Claims Court.'" (quoting United States v. Hohri, 482 U.S. 64, 72 (1987))).

Here, Plaintiff's claim, even though difficult to decipher, is covered under the Tucker Act, because it is based on the Constitution, various Acts of Congress, regulations, and express or implied contracts with the United States.[1] Plaintiff appears

---

[1] Though Plaintiff names TRSS and Treasury Direct as Defendants, his action is one against the United States. TRSS is identified in Plaintiff's submissions to the Court as only the mailing address for Treasury Direct, Filing No. 1-4 at 3, and "Treasury Direct is a service that lets you buy Treasury securities and hold

5

to allege essentially a contract claim, however, as he seeks relief based on the United States' alleged failure to fulfill its obligations to him under various statutes and regulations governing the issuance and exchange of Treasury bonds and securities. *See, generally*, Filing No. 1. "Government bonds and Treasury bills are generally viewed as contracts between the government and the owners." *Renobato*, 2018 WL 4938701, at *2 (citing *Zelman v. Gregg*, 16 F.3d 445, 446 (1st Cir. 1994) (construing claims based on Treasury bonds as breach of contract claims)). Liberally construed, Plaintiff also seeks damages in the unspecified amount of the value of his Treasury Direct account, which is another mark of a contract claim. *See id.*

Plaintiff's Complaint, however, fails to allege sufficient facts to establish that the Court's jurisdiction is proper under the Little Tucker Act. Primarily, Plaintiff has not alleged any facts to establish that his claim falls below the jurisdictional amount-in-controversy ceiling of $10,000. Indeed, Plaintiff has alleged no facts regarding the nature of the agreement between himself and Defendants to support his conclusory allegation that Defendants have breached that agreement by denying him access to his Treasury Direct account.

**B. Rules of Pleading**

Not only does Plaintiff's Complaint contain insufficient allegations to establish the Court's subject matter jurisdiction, but it fails to meet the minimum pleading standard required by the Federal Rules of Civil Procedure. Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g.*, *Williams v. Harmon*, 294 Fed. App'x 243, 245 (8th

---

them electronically in accounts with the U.S. Treasury. It is one of several investment services offered by the U.S. Treasury through the Bureau of Public Debt." *Brunwasser v. United States*, No. CIVA. 07-00385, 2008 WL 5216253, at *7 n.13 (W.D. Pa. Dec. 11, 2008) (internal quotations and citations omitted).

6

Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). Among other procedural requirements, parties must formulate their pleadings in an organized and comprehensible manner:

> Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Rule 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count when doing so would promote clarity.

*McPeek v. Unknown Sioux City DEA Officers*, No. C17-4011-LTS, 2017 WL 1502809, at *3 (N.D. Iowa Apr. 25, 2017), *aff'd sub nom. McPeek v. Sioux City DEA Unknown Officers*, No. 17-2030, 2017 WL 5440036 (8th Cir. Sept. 29, 2017).

The primary purpose of Rule 8 is to allow the Court and an opposing party to understand whether a valid claim is alleged and, if so, what it is; the complaint must be sufficiently clear so the Court or an opposing party is not required to keep sifting through it in search of what it is plaintiff asserts. *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (citing *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)). "'A litigant cannot ignore her burden of developed pleading and expect the district court to ferret out small needles from diffuse haystacks.'" *Murillo v. Kittelson*, No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) (quoting *United States v. Slade*, 980 F.2d 27, 31 (1st Cir. 1992)); *see Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 79-80 (1st Cir. 2014) ("While we are certainly sympathetic to the challenges pro se plaintiffs may face in filing a lawsuit on their own, it is not our job, in an effort to ferret

7

out the adequacy of a plaintiff's pleaded allegations, to haphazardly mine documents appended to a complaint.").

Plaintiff's Complaint does not contain a "short and plain statement" of his claims, nor is it "simple, concise, and direct." Instead, the pleading consists of mere citations or recitations of various federal acts and regulations, Plaintiff's general conclusory allegation that Defendants have violated the laws cited with no explanation or facts to support such an allegation, and a list of questions expressing Plaintiff's own uncertainty about the bases of his claims.[2] Filing No. 1 at 1–5. Plaintiff also attached over 60 pages of documents to his Complaint and included portions of the text of the various federal acts and regulations he relies upon with highlighting, underlining, and handwritten notations in the margins. In sum, Plaintiff's Complaint is largely unintelligible and incomprehensible, and is therefore subject to preservice dismissal under 28 U.S.C. § 1915(e). See Batchelder v. I.N.S., 180 F. App'x 614, 615 (8th Cir. 2006) (dismissing pro se complaint without prejudice for plaintiff's failure to provide fair notice of claim and grounds upon which it rests).

However, on the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that clearly sets forth a basis for this Court's jurisdiction and sufficiently describes his claims against Defendants in accordance with the Federal

---

[2] To the extent Plaintiff seeks the Court's legal advice through the questions presented in his Complaint, Filing No. 1 at 4, the Court cannot provide such legal advice nor will the Court act as Plaintiff's legal advisor. See Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 243 (3d Cir. 2013) (citing McKaskle v. Wiggins, 465 U.S. 168, 183–84 (1984)) ("[T]here is no case law requiring courts to provide general legal advice to pro se parties. In a long line of cases, the Supreme Court has repeatedly concluded that courts are under no such obligation."). The Court will, however, direct Plaintiff's attention to the District Court of Nebraska's public website, which contains resources for persons proceeding without an attorney. https://www.ned.uscourts.gov/public/proceeding-without-an-attorney (last accessed Oct. 24, 2022). Also, persons in need of assistance from a lawyer may contact the Nebraska State Bar Association's lawyer referral service. The service is at 635 South 14th Street, Suite 200, Lincoln, Nebraska 68508. The telephone number is (402) 475-7091 ext. 132, and the fax number is (402) 475-7098.

Rules of Civil Procedure. Plaintiff should be mindful to clearly explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, and what specific legal rights Plaintiff believes Defendants violated. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

## IV. OTHER PENDING MOTIONS

### A. Motions for Immediate Injunctive Relief

Plaintiff has filed what the Court construes as four motions for immediate injunctive relief. Filing No. 6; Filing No. 7; Filing No. 8; Filing No. 10. As best the Court can tell, Plaintiff seeks immediate injunctive relief under the Fair Access to Financial Services Act of 2022, S. 4619, 117th Cong. (2022) (hereinafter "Act"). Plaintiff attached some of the Act's text to his motions and indicates through handwritten notations that he seeks a permanent or temporary injunction based on a good faith belief that Defendants have engaged "in any act or practice prohibited by subsection (a)" of the Act, which provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations of any financial institution . . . without discrimination on the ground of race, color, religion, national origin, and sex

9

(including sexual orientation and gender identity)." Filing No. 6 at 3; *see also* Filing No. 7 at 3–4; Filing No. 8 at 3–4; Filing No. 10 at 8–10. *See also* S. 4619, 117th Cong. § 2(a), (b) (2022).

Plaintiff's reliance on the Act is misplaced, as the Act has merely been introduced as a bill in the Senate and has not been enacted into law. *See* https://www.congress.gov/bill/117th-congress/senate-bill/4619 (last visited Oct. 25, 2022). Moreover, Plaintiff has not alleged any facts suggesting Defendants have discriminated against him on any of the grounds identified in the Act. Accordingly, Plaintiff's motions for injunctive relief under the Act are denied.

The Court will also deny Plaintiff's motions for injunctive relief under the applicable standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981). In *Dataphase*, the Eighth Circuit Court of Appeals, sitting en banc, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief: (1) the threat of irreparable harm to the movant; (2) the balance between that harm and the injury that granting the injunction will inflict on the other interested parties; (3) the probability the movant will succeed on the merits; and (4) whether the injunction is in the public interest. *Id.* at 114. Failure to show irreparable harm alone is a sufficient basis for a court to deny injunctive relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987).

The Court has carefully reviewed the record and finds that Plaintiff's allegations in this matter do not entitle him to preliminary injunctive relief. Plaintiff has not demonstrated that he faces a threat of irreparable harm, and, because his Complaint is completely lacking in sufficient factual allegations, the Court cannot determine whether

Plaintiff is likely to succeed on the merits. Accordingly, the Court will deny his request for immediate injunctive relief.

**B. Motion for Interlocutory Appeal**

On October 3, 2022, Plaintiff filed a document titled "An Appeal: For A[n] Inexcusable Delay," which the Court docketed as a motion for interlocutory appeal. Filing No. 9. The motion contains three apparent statutory citations, though the Court cannot identify what exactly the citations are referring to, and some case law citations that seem to indicate Plaintiff challenges either the delay by Defendants in providing him access to his Treasury Direct account or the Court's delay in granting him immediate injunctive relief. Filing No. 9. The Court cannot ascertain whether Plaintiff actually seeks to file an interlocutory appeal in this case as the Court had not entered any orders in this case prior to October 3, 2022, and Plaintiff does not identify what he seeks to appeal. Accordingly, Plaintiff's "appeal," construed as a motion for interlocutory appeal, is denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. Plaintiff should be mindful to explain in his amended complaint what Defendants did to him, when Defendants did it, and how Defendants' actions harmed

him. Plaintiff is encouraged to use the enclosed court-approved form to draft his amended complaint.

3. In the event Plaintiff files an amended complaint, Plaintiff must set forth all of Plaintiff's claims (and any supporting factual allegations) against Defendants. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event Plaintiff files an amended complaint.

5. The Clerk of Court is directed to send Plaintiff a standard form Pro Se 1 "Complaint for a Civil Case" along with a copy of this Memorandum and Order.

6. The Clerk of Court is further directed to update the Court's records for this case and change the Cause code to "28:1346 Breach of Contract" and the Nature of Suit code to "190 (Contract: Other)."

7. The Clerk of Court is directed to set a pro se case management deadline using the following text: **November 25, 2022**: check for amended complaint.

8. Plaintiff's motions for immediate injunctive relief, Filing No. 6; Filing No. 7; Filing No. 8; Filing No. 10, are denied.

9. Plaintiff's motion for an interlocutory appeal, Filing No. 9, is denied.

Dated this 25th day of October, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge