IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JON A. MILLS, pro se;<br><br>Plaintiff,<br><br>vs.<br><br>TREASURY RETAIL SECURITY SERVICES, et al; and TREASURY DIRECT,<br><br>Defendants. | 8:22CV274<br><br>MEMORANDUM AND ORDER |

This matter is before the Court upon review of Plaintiff's Amended Complaint, Filing No. 12, to determine whether summary dismissal is appropriate pursuant to 28 U.S.C. § 1915(e). In conducting this review, the Court will also address what has been docketed as Plaintiff's Motion to Amend his Amended Complaint (the "Motion to Amend"), Filing No. 13, as well as several supplements, Filing No. 14; Filing No. 15; Filing No. 16; Filing No. 18; Filing No. 19.

## I.  BACKGROUND

Plaintiff filed this action on August 2, 2022, against Defendants Treasury Retail Security Services ("TRSS") and Treasury Direct Services ("Treasury Direct"). Filing No. 1. On October 25, 2022, the Court granted Plaintiff leave to proceed in forma pauperis and conducted an initial review of Plaintiff's Complaint and various supplemental pleadings and motions (hereinafter the "Initial Review Order"). Filing No. 11. The Court determined that its "jurisdiction over Plaintiff's claims, if it exists at all, is grounded in 28 U.S.C. § 1346(a)(2), otherwise known as the Little Tucker Act," but Plaintiff's Complaint failed to allege sufficient facts to establish that his claim falls below the jurisdictional amount-in-controversy ceiling of $10,000 set forth in the Little Tucker Act. *Id.* at 5–6. The

Court further determined that Plaintiff's pleading failed to satisfy the minimal pleading standard set forth in Federal Rule of Civil Procedure 8. *Id*. at 6–8. The Court gave Plaintiff leave to file "an amended complaint that clearly sets forth a basis for this Court's jurisdiction and sufficiently describes his claims against Defendants in accordance with the Federal Rules of Civil Procedure." *Id*. at 8–9. In giving Plaintiff leave to amend, the Court directed Plaintiff to set forth all of his claims (and any supporting factual allegations) against Defendants in his amended complaint and warned him that "[f]ailure to consolidate all claims into one document may result in the abandonment of claims" and "that an amended complaint will supersede, not supplement, his prior pleadings." *Id*. at 12.

Plaintiff filed his Amended Complaint on November 10, 2022, when he was living in Gretna, Nebraska, Filing No. 12 at 1, though he has since relocated to Illinois, Filing No. 17. Plaintiff used the Form Pro Se 1 Complaint for a Civil Case to file his Amended Complaint, attaching fourteen additional pages and naming TRSS and Treasury Direct again as Defendants. Filing No. 12. On December 19, 2022, Plaintiff filed what the Court docketed as his Motion to Amend in which he asks to "[a]dd The United States as a Defendant, as suggested by this Court under the Tucker Act" as well as additional claims. Filing No. 13. Upon consideration, the Court will grant Plaintiff's Motion to Amend, will add the United States as a defendant to this action,[1] and will consider the Motion to Amend as supplemental to the Amended Complaint. *See* NECivR 15.1(b).

---

[1] Indeed, as the Court remarked in its Initial Review Order, Plaintiff's claims against TRSS and Treasury Direct are actually claims against the United States. *See* Filing No. 11 at 5 n.1. Treasury Direct "is an online account system in which [one] may hold and conduct transactions in eligible book-entry Treasury securities" and is administered by the Bureau of the Fiscal Service within the U.S. Treasury Department. 31 C.F.R. § 363.0

2

Plaintiff subsequently filed five supplements to his Amended Complaint between January 6, 2023, and August 14, 2023. Filing No. 14; Filing No. 15; Filing No. 16; Filing No. 18; Filing No. 19. Because these supplemental pleadings were not filed with leave of Court and contrary to the Court's Initial Review Order, the supplements will be stricken from the court file and will not be considered by the Court in conducting its initial review of Plaintiff's Amended Complaint. See Fed. R. Civ. P. 15; NECivR 15.1.

## II.  SUMMARY OF AMENDED COMPLAINT

Liberally construed, Plaintiff alleges the United States, TRSS, and Treasury Direct (collectively "Defendants") are denying him access to and control over his investment property. Plaintiff alleges he submitted his "F.S. Form 5444" to Defendants three times in 2020 and three times in 2021, but Defendants "refused to acknowledge my form and ignored any attempt for compliance." Filing No. 12 at 6.[2] The F.S. Form 5444 to which Plaintiff refers is attached to his original Complaint and is a "TreasuryDirect®[3] Account Authorization" form dated March 12, 2020, in which Plaintiff attested, "I submit this account authorization pursuant to the provisions of 31 CFR Part 363. I understand that my TreasuryDirect account will be activated upon receipt and approval of this authorization." Filing No. 1 at 7.[4] Plaintiff alleges Defendants "'Accepted & Approved' my form only after I submitted a 'Notice Of Exclusive Control' to the Comptroller of the

---

[2] Citations to Plaintiff's Amended Complaint and other filings are corrected for spelling, punctuation, and capitalization throughout this Memorandum and Order unless otherwise indicated.

[3] Though its proper name is "TreasuryDirect," the Court will refer to this defendant as "Treasury Direct" as Plaintiff does in his Amended Complaint.

[4] The Court takes judicial notice of the F.S. Form 5444 attached to Plaintiff's Complaint. See *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (a court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records).

Currency and the Under Secretary of the Treasury in late November of 2021." Filing No. 12 at 6.

> Plaintiff then alleges he received his
>
> [first] receipt dated Dec[ember] 7, 2021 and an acknowledgment [Defendants] had received my Savings Bonds and Marketable Securities. I called in or around Dec[ember] 15 to inquire about this, the operator took my name, asked for my Customer#, placed me on hold for 5 min[utes] or so, and then informed me this is a "Scam." "False & misleading statement" as this is a Services they "Offer & Provide" for other United States Citizens with no problems.

*Id.* The December 7, 2021 receipt, which Plaintiff attached to his Complaint, consists of an e-mail from Defendants communicating they "received [Plaintiff's] Savings Bonds/Treasury Marketable Securities materials" and asks for "time for review and processing of [his] request." Filing No. 1 at 11. Subsequently, in an e-mail to Plaintiff dated February 23, 2022, Treasury Direct acknowledged receipt of "the PD F 5444 Account Authorization Form to verify your identity and remove the hold from the account" and informed Plaintiff that "[a]fter further review, we have determined that you may be attempting to use the system for purposes other than those for which it is intended." Filing No. 9 at 3; *see also* Filing No. 13 at 5. As a result, and pursuant to 31 CFR 363.29,[5]

---

[5] Under 31 C.F.R. § 363.29, the Bureau of the Fiscal Service

> reserve[s] the right to take any of the following actions if, in our sole discretion, we deem the action to be in the best interests of the United States:
>
> (a) Refuse to open an account for any person;
> (b) Close any existing account, redeem, sell, or liquidate the securities held in the account, and pay the proceeds to the person entitled;
> (c) Suspend transactions with respect to an account or any security held in an account; or
> (d) Take any other action with regard to any account that we deem necessary, if not inconsistent with existing law and existing rights.

4

Treasury Direct placed an administrative hold on Plaintiff's account and indicated "it will not be removed." Filing No. 9 at 3.[6]

Plaintiff alleges he has been attempting for over eighteen months "to acquire use and control [of his] 'Investment Property,'" and instituted this lawsuit to do so. Filing No. 12 at 6. Plaintiff purports to bring his claims under "42 U.S.C. 1813, Deprivation of Rights & Conspiracy against Rights;"[7] the Tucker Act; the Clayton Act; the Sherman Act; "The Federal Reserve Act, Section 25A;" Title I of the Emergency Banking Act; Title II of the Banking Conservation Act; "Article IV C28" of "the 1933 Emergency Acts & Banking & Securities;" the Commodity Future Modernization Act; the Dodd-Frank Wall Street Reform and Consumer Protection Act; the Antitrust Criminal Penalty Enhancement and Reform Permanent Extension Act; the Fair Access To Banking Act; and Article 1, Sections 8 and 10 of the United States Constitution, as well as the Fifth and Fourteenth Amendments. Filing No. 12 at 6; Filing No. 13 at 1. As relief, Plaintiff seeks "[a] temporary order of restraint until my account is activated and I have acquired and taken possession and control of my 'Investment Securities'/Property for my use." Filing No. 12 at 4.

### III.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant

---

[6] The Court takes judicial notice of the copy of the February 23, 2022 e-mail attached to Plaintiff's previously denied Motion for Interlocutory Appeal. Filing No. 9 at 3.

[7] The Court is uncertain as to what statutory provision Plaintiff means by this reference as "42 U.S.C. 1813" does not exist.

who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

## IV. DISCUSSION

Plaintiff's claims against TRSS, Treasury Direct, and the United States are, in essence, claims against the United States. Thus, the Court must first consider whether Plaintiff's action is barred by sovereign immunity.

The doctrine of sovereign immunity provides that the United States is immune from suit absent an express waiver by Congress. See, e.g., F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the

existence of consent is a prerequisite for jurisdiction."); *Cohens v. Virginia*, 19 U.S. 264, 411–12 (1821) ("The universally received opinion is[ ] that no suit can be commenced or prosecuted against the United States[.]"). If sovereign immunity applies, the Court lacks jurisdiction to entertain the offending suit. *See, e.g.*, *F.D.I.C.*, 510 U.S. at 475; *United States v. Sherwood*, 312 U.S. 584, 586 (1941). "The plaintiff has the burden of showing both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *Middlebrooks v. United States*, 8 F. Supp. 3d 1169, 1174 (D.S.D. 2014) (citing *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir.2000)).

The Tucker Act, 28 U.S.C. § 1491, cited by Plaintiff in his Amended Complaint and by this Court in the Initial Review Order, "waives the United States' sovereign immunity as to certain suits for money damages, but vests exclusive jurisdiction over all such suits seeking money damages exceeding $10,000 in the Court of Federal Claims." *Id.* (citing *Suburban Mortg. Assocs., Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 480 F.3d 1116, 1122 n.10 (Fed.Cir.2007)) (footnote omitted). Under the Little Tucker Act, 28 U.S.C. § 1346, district courts have concurrent jurisdiction with the Court of Federal Claims to consider claims for damages that do not exceed $10,000. *Schneider v. United States*, 197 F.R.D. 397, 401 (D. Neb. 2000).

Here, Plaintiff alleges the amount in controversy is over $75,000, Filing No. 12 at 4, which would bring his claims within the purview of the Tucker Act and the exclusive jurisdiction of the Court of Federal Claims *if* he were seeking damages. As relief, though, Plaintiff specifically alleges he "does not seek monetary damages" but rather "an order for relief to take possession of [his] marketable securities," or basically injunctive relief preventing Defendants from denying him access to his Treasury Direct account. *Id.* at 7;

7

*see also Id.* at 4. However, the Little Tucker Act does not authorize this Court to grant Plaintiff the equitable relief he seeks. "When district court jurisdiction is based on the Little Tucker Act, a district court may grant damages but not equitable relief." *Middlebrooks*, 8 F.Supp.3d at 1174 n.6 (citing *Doe v. United States*, 372 F.3d 1308, 1312 (Fed.Cir.2004)); *see also Frenchman Cambridge Irr. Dist. v. Heineman*, 974 F. Supp. 2d 1264, 1281 (D. Neb. 2013) ("Because the plaintiffs seek only equitable relief, the Tucker Act cannot provide a basis for jurisdiction."). Thus, while the Little Tucker Act waives the United States' sovereign immunity, the Court does not have jurisdiction under such act to hear Plaintiff's claims for equitable relief.

Though Plaintiff does not list any other statutory basis for waiving the United States' sovereign immunity in his Amended Complaint,[8] his allegations suggest that the waiver of sovereign immunity found in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, may be applicable. *Topchian*, 760 F.3d at 849 ("If the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." (internal quotation marks and citation omitted)). "The APA waives sovereign immunity for actions against the United States for review of administrative actions that do not seek money damages and provides for judicial review in the federal district courts." *Middlebrooks*, 8 F. Supp. 3d at 1174.

> The APA waives the United States' sovereign immunity in either one of two ways. First, under 5 U.S.C. § 702, (1) the claimant "must identify some

---

[8] *See Neira v. Off. of Soc. Sec.*, No. 22CV00949JMALGD, 2022 WL 17489023, at *3 (E.D.N.Y. Dec. 6, 2022) (finding complaint did not allege that United States waived its sovereign immunity, nor did it include any statutory basis to support finding a waiver where plaintiff alleged, inter alia, a claim under Dodd-Frank Act); *McMillan v. Dep't of Interior*, 907 F. Supp. 322, 326 (D. Nev. 1995), *aff'd sub nom. McMillan v. U.S. Dep't of Interior*, 87 F.3d 1320 (9th Cir. 1996) (Sherman Anti-Trust Act and Clayton Act do not waive sovereign immunity of United States.).

> agency action," and (2) the claimant "must show that he has suffered a legal wrong or been adversely affected by that action within the meaning of a relevant statute." Preferred Risk [*Mut. Ins. Co. v. U.S.*], 86 F.3d [789,] 792 [(8th Cir. 1996)] (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 882–83, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). . . . Second, under 5 U.S.C. § 704, a federal court may review "a final agency action for which there is no other adequate remedy in a court." *Lujan*, 497 U.S. at 882, 110 S.Ct. 3177. . . . In either instance, while the APA waives the United States' sovereign immunity, the claimant must . . . rely either on a separate statute, 5 U.S.C. § 702, or "final agency action," 5 U.S.C. § 704, for subject matter jurisdiction. Under the 5 U.S.C. § 704 pathway, even when a litigant points to independent jurisdictional bases, i.e., an agency's action, the APA requires that the challenged administrative decision be final.

*Wright v. Langdeau*, 158 F. Supp. 3d 825, 833 (D.S.D. 2016) (footnotes and citations omitted).

Liberally construed, Plaintiff's claims appear to fall under 5 U.S.C. § 704, permitting judicial review of a "final agency action for which there is no other adequate remedy in a court." "Two conditions must be satisfied for an agency action to be 'final': First, the action must mark the 'consummation of the agency's decisionmaking process.' . . . Second, 'the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Sisseton-Wahpeton Oyate of Lake Traverse Rsrv. v. United States Corps of Engineers*, 888 F.3d 906, 915 (8th Cir. 2018) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (internal quotation marks omitted)). Furthermore, "[t]o obtain relief under the APA, a plaintiff must show that the challenged agency action was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Middlebrooks*, 8 F. Supp. 3d at 1178 (citing 5 U.S.C. § 706).

Here, Plaintiff claims Defendants have denied him access to and use of his investment securities and property in violation of federal law and his constitutional rights, and Plaintiff refers to "Treasury Direct[']s response letter dated February 23, 2022" in

9

which Defendants placed an administrative hold on Plaintiff's account and indicates such action was "inconsistent with existing law and existing rights." Filing No. 13 at 8. The February 23, 2022 response from Treasury Direct indicated the hold "will not be removed." Filing No. 9 at 3. Liberally construing Plaintiff's allegations, the Court concludes, for purposes of initial review, he has alleged sufficient facts to allege a plausible claim for relief pursuant to the APA. The language of the February 23, 2022 response from Treasury Direct is definitive, and Plaintiff's allegations that he filed this suit after attempting for over eighteen months to acquire use and control of his investment property suggests that the Defendants' action was final. See *Sisseton-Wahpeton Oyate of Lake Traverse Rsrv.*, 888 F.3d at 915 ("[I]f the agency has issued a definitive statement of its position, determining the rights and obligations of the parties, that action is final for purposes of judicial review despite the possibility of further proceedings in the agency to resolve subsidiary issues." (quoting *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 813 (8th Cir. 2006) (internal quotation marks omitted))). Plaintiff has also alleged an actual, concrete injury resulting from Defendants' denial of access to his investment property based on his inability to pay outstanding financial obligations or secure appropriate housing for himself. Filing No. 12 at 7. *See Sisseton-Wahpeton Oyate of Lake Traverse Rsrv.*, 888 F.3d at 915 ("To constitute a final agency action, the agency's action must have inflicted an actual, concrete injury upon the party seeking judicial review." (internal quotation marks and citation omitted)). While Plaintiff alleges several other federal laws under which he purports to seek relief, the Court cannot discern that any of those statutes actually apply to his claims or, more importantly, provide him an adequate remedy for the relief he seeks.

10

Accordingly, the Court finds Plaintiff has stated a claim for relief under 5 U.S.C. § 704 of the APA and will allow this matter to proceed to service of process against the United States only. TRSS and Treasury Direct will be dismissed as defendants to this action because these defendants, as best the Court can tell, are merely services administered by the Bureau of the Fiscal Service within the Department of the Treasury and the United States is the real party defendant. *See* 5 U.S.C.A. § 703 ("If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer."); *Olson v. Soc. Sec. Admin.*, 243 F. Supp. 3d 1037, 1048 (D.N.D.), *aff'd*, 709 F. App'x 398 (8th Cir. 2017) ("[A] suit is considered to be against the sovereign, i.e., the United States, 'if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963))).

## V. CONCLUSION

For purposes of initial review, Plaintiff's Amended Complaint, Filing No. 12; Filing No. 13, alleges a plausible claim for relief under the Administrative Procedure Act against the United States. However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. This matter will proceed to service of process as set forth below.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Amend, Filing No. 13, is granted, and the Court will consider the motion as supplemental to the Amended Complaint. The Clerk of Court is directed to add the United States as a defendant in this case and to update the docket text of Filing No. 13 to the following language: "Supplement to the Amended Complaint 12 filed on behalf of Plaintiff Jon A. Mills."

2. The Clerk of Court is directed to strike Plaintiff's Supplements, Filing No. 14; Filing No. 15; Filing No. 16; Filing No. 18; Filing No. 19, from the court file as unauthorized pleadings.

3. Defendants Treasury Retail Security Services and Treasury Direct are dismissed as defendants, and the Clerk of Court is directed to remove Treasury Retail Security Services and Treasury Direct as defendants to this action.

4. This matter may proceed to service of process against the United States. To obtain service of process on Defendant United States, the Clerk of Court is directed to complete summons forms and USM-285 forms for the United States using the following addresses:

- Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001
- U.S. Attorney's Office, 1620 Dodge Street, Suite 1400, Omaha, NE 68102
- Department of the Treasury, Bureau of the Fiscal Service, 3201 Pennsy Drive, Building E, Landover, MD 20785.

The Clerk of Court shall then forward the summons forms and USM-285 forms together with the necessary copies of the Amended Complaint, Filing No. 12, the Supplemental

Motion to Amend, Filing No. 13, the Court's previous Initial Review Order, Filing No. 11, and a copy of this Memorandum and Order to the Marshals Service. The Marshals Service shall serve Defendant United States by registered or certified mail at the addresses appearing above in this paragraph. Federal Rule of Civil Procedure 4(i)(1).

5. The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[9]

6. Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

7. Plaintiff is hereby notified that failure to obtain service of process on the Defendants within 90 days of the date of this order may result in dismissal of this matter without further notice. The United States has 60 days after service on the United States attorney to answer or otherwise respond to a complaint.

8. The Clerk of Court is directed to set a case management deadline in this case with the following text: **December 26, 2023**: service of process to be completed.

9. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

---

[9] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." See *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).

10. Because this non-prisoner case is proceeding to service of process, and at the direction of the Court, this case is removed from the pro se docket. The Clerk's office shall randomly assign new judges to this case and request a reassignment order from the Chief Judge.

Dated this 26th day of September, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge