IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JON A. MILLS,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | 8:22-CV-274<br><br>MEMORANDUM AND ORDER |

  The *pro se* plaintiff, Jon. A. Mills, seeks possession and control of an account he claims is being managed by TreasuryDirect, a website operated by the United States Department of the Treasury. This matter is before the Court on the government's motion to dismiss (filing 34) the plaintiff's operative complaint (filing 12) under either Federal Rule of Civil Procedure 12(b)(6) or Rule 56. The motion to will be granted.

## I. STANDARD OF REVIEW

  To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the face of the plaintiff's complaint (i.e., its text) must plead enough factual allegations to nudge the plaintiff's claims across the line from "conceivable" to "plausible." See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's claims are plausible when the facts alleged allow the Court to reasonably infer that "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Whether a plaintiff is represented or *pro se*, the complaint must contain specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

However, the Court must liberally construe pro se complaints, and *pro se* litigants are held to a lesser pleading standard than other parties. *Topchian v. JP Morgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014). If the "essence of an allegation is discernible," although pleaded without "legal nicety," the Court will construe the complaint in a way that allows the claim to be evaluated "within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

When matters outside of the pleadings are presented to and considered by the Court in connection with a motion to dismiss, the motion must be treated as one for summary judgment under Rule 56. Rule 12(d). If that happens, the Court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). If the movant demonstrates an absence of a genuine issues of fact, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.* This standard extends to *pro se* litigants: it is the litigant's responsibility to respond to the defendant's motion with "specific factual support for his claims to avoid summary judgment." *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001).

## II. BACKGROUND

The plaintiff alleges that the government[1] has unlawfully withheld his "investment securities" and has denied him access and control over his property.

---

[1] The plaintiff alleges wrongs committed by TreasuryDirect. However, the Court is construing the plaintiff's claims seeking review of a government action under the Administrative Procedure Act, which allows the United States to act as a defendant in a judicial review of an action of one of its agencies. See 5 U.S.C. § 703. As such, the Court is construing the plaintiff as alleging the government should be held responsible for the actions of TreasuryDirect. See filing 20 at 9-11.

Filing 12 at 7. The plaintiff alleges that he submitted an F.S. Form 5444 to TreasuryDirect three times in 2020 and three times in 2021, and TreasuryDirect "refused to acknowledge" the forms and "ignored any attempt for compliance." Filing 12 at 7. TreasuryDirect allegedly "Accepted and Approved" the form only after the plaintiff submitted a "Notice of Exclusive Control" to the Comptroller of the Currency and an Under Secretary of the Treasury Department in November 2021. *Id.*

The plaintiff alleges that he received a receipt dated December 7, 2021, with an acknowledgment from TreasuryDirect that it had received his "Savings Bonds, and Marketable Securities." Filing 12 at 7. He alleges that he called TreasuryDirect a few days later to inquire about this receipt, and he was told that "this is a 'Scam.' 'False & misleading Statement . . . .'" Filing 12 at 7. The plaintiff alleges that he tried for 18 months to acquire use of his "investment securities" before filing the present civil suit. Filing 12 at 7.

The plaintiff claims he is harmed by the government's actions because he cannot afford his rent, medical care, food, or the filing fees for the present lawsuit. *See* filing 12 at 7. He does not seek monetary damages; rather, he requests injunctive relief. *Id.* Specifically, he has requested a "temporary order of restraint" until his TreasuryDirect account is re-activated, and he regains possession and control of his "investment securities" the government is allegedly withholding from him. Filing 12 at 4. He is unable to state a precise amount or value of lost "investment securities," but he believes his "securities" have gained 46 years of interest. Filing 12 at 7.

The government has provided evidence outside of the pleadings. *See* filing 35-1. In September 2018, according to the government's records, the plaintiff first inquired about his "securities held in his minor account." Filing 35-1 at 3. The government responded and informed him that it did not have a record of an account matching his name or social security number.

3

In October 2018, the plaintiff established a TreasuryDirect entity account referred to as "Jons Trust for." Filing 35-1 at 4. This was not a minor account. *See id.* Neither the plaintiff nor anyone else ever deposited money or securities into the account. *Id.* After the account was empty and inactive for two years, the government closed the account. *Id.*; *see* 31 C.F.R. § 363.29.

### III. DISCUSSION

The Court is construing the plaintiff's claims as arising under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706. *See* filing 12. Although the plaintiff alleged other statutory and constitutional violations, the Court has failed to identify any other applicable causes of action, either statutory or under the common law. *See* filing 20 at 9-11. The motion to dismiss (filing 34) seeks to dismiss the plaintiff's complaint in its entirety. Alternatively, the government requests that the Court enter summary judgment in favor of the government pursuant to Federal Rule of Civil Procedure 56. Filing 34.

The APA allows courts to review a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. As a sovereign power, the United States is generally immune from civil lawsuits unless it consents to the suit. Under the APA, the government consents to lawsuits that seek non-monetary relief and claim that a United States agency, an agency officer, or agency employees failed to "act in an official capacity or under color of legal authority." 5 U.S.C. § 702.

The APA is limited to legal actions in which a Court is reviewing a "final agency action." 5 U.S.C. § 704. Agency actions are final when (1) the action marks the end of the agency's decision-making process, and (2) the action has determined legal rights or obligations, or it brings "legal consequences." *PGS Geophysical AS v. Iancu*, 891 F.3d 1354, 1361 (Fed. Cir. 2018) (citing *U.S. Army Corps of Engineers v. Hawkes Co., Inc.*, 578 U.S. 590, 597 (2016)). The final

4

agency action also must have inflicted an actual, concrete injury upon the party seeking judicial review. *Sisseton-Wahpeton Oyate of Lake Traverse Rsrv. v. U.S. Corps of Engineers*, 888 F.3d 906, 915 (8th Cir. 2018).

Under the APA, a court will set aside unlawful agency actions, findings, and conclusions. 5 U.S.C. § 706. Agency actions, findings, and conclusions are unlawful, as relevant to this lawsuit, when they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Id.*

1. MOTION TO DISMISS

To survive the government's motion to dismiss, the plaintiff's complaint must contain facts supporting at least an inference that TreasuryDirect made a final agency action that brought legal consequences and inflicted an actual injury on the plaintiff. *See PGS Geophysical* AS, 891 F.3d at 1361.

The plaintiff adequately pled that the government's withholding of his investment securities determined that he had no legal right to his alleged property in his TreasuryDirect account, which caused him actual, concrete harm. *See* filing 12 at 7. As a result, the plaintiff adequately alleges that he has suffered from financial distress, such as inability to afford food, medical care, and housing. Filing 12 at 7.

But the plaintiff has failed to allege facts supporting even an inference that the agency's "decision" was final. It's unclear from what "decision" the plaintiff appeals. He alleges that he received a "[r]eceipt" from the government and an acknowledgment that the government received his "Savings Bonds, and Marketable Securities[.]" Filing 12 at 6. After that communication with the agency, the plaintiff made unsuccessful "attempts" to regain access to his investment securities for 18 months. Filing 12 at 6. The Court could possibly infer that these "attempts" were appeals of the agency decision, indicating some

finality, but it is unclear from the face of the complaint what the aggrieving agency decision was, or if that decision was final. Filing 12 at 6.

Even liberally construed, the face of the complaint does not support an inference that the agency's decision to withhold access to his investment securities account was arbitrary, capricious, or an abuse of discretion. Although the plaintiff appears to suggest that there were services given to other citizens not given to him, he does not adequately characterize the agency's decision or make any allegations about its validity. *See* filing 12 at 6 ("I have to file a civil suite [sic], for what other United States Citizens, have the Guaranteed free exercise to do in the 'Regular Due Course, of their lawful business,' Exercise and Enjoy, Every minute of Every day. . ."). Although the complaint lists a series of statutes, this Court cannot discern how the plaintiff's legal rights may have been violated or how the agency has allegedly violated those statutes.[2] In other words, the plaintiff has not adequately alleged that the agency acted unlawfully, capriciously, or arbitrarily.

Since the complaint fails to describe or allege how the agency's decision was arbitrary, capricious, an abuse of discretion, or otherwise unlawful, the complaint fails to adequately plead a cause of action under the APA, and should be dismissed under Rule 12(b)(6).

2. MOTION FOR SUMMARY JUDGMENT

Even if the plaintiff has stated a claim, his lawsuit must be dismissed based on the government's evidence. The government provided records showing the plaintiff never had any securities in his entity account titled "Jons Trust for," nor did he have any securities in any other account with TreasuryDirect. *See* filing

---

[2] Mere citations to statutes do not meet the pleading standard; a plaintiff must provide more than labels and conclusions or formulaic recitation. *Twombly*, 550 U.S. at 555.

6

35-1 at 3-4. Further, the evidence indicates the plaintiff did not make any deposits of money or securities to the "Jons Trust for" account. Filing 35-1 at 4. As a result, when the agency closed the account on October 16, 2018, the account had no balance or interest, and the plaintiff did not suffer the harm alleged as a result of the agency's decision. *See* filing 35-1 at 4; filing 12.

To consider this evidence, the Court must convert the government's motion to dismiss into a motion for summary judgment. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1150-51 (8th Cir. 2012). The plaintiff was aware that the government presented evidence outside of the pleadings, and he had a reasonable opportunity to present argument and evidence pertinent to the motion. Fed. R. Civ. P. 12(d); *see* filing 37. To resist summary judgment, the plaintiff must demonstrate how further discovery would produce a disputed material fact. *See Ashanti*, 666 F.3d at 1151 (citing *Davis v. Johnson Controls, Inc.,* 21 F.3d 866, 867 (8th Cir. 1994)).

The plaintiff has not provided any of his own evidence, nor has he explained how further discovery could produce a disputed material fact. The plaintiff cannot rely on metaphysical doubt to dispel the facts brought forth by the government, and it appears only a metaphysical doubt could dispel the facts presented by the government. The plaintiff's central claim is that the government has withheld 46 years of interest on his securities. Filing 12 at 7. The evidence presented indicates that plaintiff did not hold an account for 46 years. Filing 35-1 at 4. Further, the evidence presented indicates that the plaintiff had no securities, money, or other property in a TreasuryDirect account to which he was entitled and that the government withheld.

The Court is sympathetic to the plaintiff's distressful financial situation. However, the record establishes that the government is not withholding funds rightfully owned by the plaintiff. As such, no rational trier of fact could find that the plaintiff suffered an actual, concrete injury from TreasuryDirect's decision to

7

close the plaintiff's account. Because he has failed to produce evidence supporting even an inference that he suffered an injury, a required element of his claim, summary judgment is appropriate.[3]

The plaintiff's complaint fails to state a claim. Even if it did, the record fails to show a genuine issue of material fact for trial to withstand summary judgment. Accordingly, the plaintiff's complaint will be dismissed.

IT IS ORDERED:

1. The government's motion to dismiss (filing 34) is granted.

2. The plaintiff's complaint (filing 12) is dismissed.

3. A separate judgment will be entered.

Dated this 26th day of June, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[3] It's fairly apparent to the Court that the plaintiff is attempting to access his so-called "birth account." See *In re Harrison*, 390 B.R. 590, 594-95 (Bankr. N.D. Ohio 2008). But that's nothing more than a well-known conspiracy theory. There's no such thing as a "birth account," and anyone who says otherwise is lying or mistaken.

8